NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO BUSTAMANTE-DELGADO; et al., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-4322 <br><br> Agency Nos. <br> A246-608-444 <br> A246-608-445 <br> A246-608-446 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioners Gustavo Bustamante Delgado, Elday Cervantes-Bustamante, and their minor child, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").[1]  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We review alleged due process violations de novo.  *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021).  A due process violation occurs if the proceeding was so unfair such that the petitioner was "prevented from reasonably presenting his case" and if the petitioner "demonstrates prejudice."  *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006).

Petitioners fail to establish that their immigration proceedings were fundamentally unfair or that they suffered any prejudice.  Petitioners first suggest that they had insufficient time to prepare for their case.  But the record shows that Petitioners received five continuances from the IJ for the purpose of finding counsel. The IJ even granted a continuance after concluding that one of their requests had been improperly filed by their limited-representation attorney.  Additionally, Petitioners never requested additional time to prepare for the case.  Moreover, Petitioners have not shown prejudice because they have not indicated what additional evidence they would have tried to obtain with more time.

Petitioners also allege that the IJ did not consider all available evidence.  But the only missing evidence the Petitioner's point to is a document they never offered

---

[1] Petitioners are part of the same family unit.  They each filed a separate application for relief and protection.

to the IJ—a statement by members of their community in support of their asylum application. So the IJ's failure to consider it was not unfair to Petitioners. Even if it had been rejected, the document only corroborates Petitioners' testimony. Because the IJ found Petitioners to be credible, there was no prejudice.

Petitioners allege that the IJ did not properly accommodate one of the Petitioners, Elday Cervantes-Bustamante, when she was pregnant and severely ill. The record shows otherwise. Petitioners raised the issue to the IJ and the IJ informed them that he would excuse Cervantes-Bustamante's absence if they provided a doctor's note. The record shows that Petitioners never provided a doctor's note or specifically sought to excuse Cervantes-Bustamante at any of the later hearings. This does not show a due process violation.

Finally, Petitioners argue that their due process rights were violated by the BIA because they relied solely on a written transcript of the IJ hearings rather than on audio recordings. This is standard procedure under 8 C.F.R § 1003.5(a), and we have not found it to be unfair. Petitioners have also never argued that the transcript was incomplete, so they have demonstrated no prejudice.

**PETITION DENIED.**